UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Center for Biological Diversity, et al., | Case No. 2:24-cv-02043-CDS-NJK |
| Plaintiffs | **Order Granting Motion to Intervene** |
| v. | |
| Debra Haaland, et al., | [ECF No. 7] |
| Defendants | |

Before the court is proposed defendant-intervenor Ioneer Rhyolite Ridge LLC's (Ioneer) unopposed motion to intervene in plaintiffs Center for Biological Diversity, Great Basin Resource Watch, and the Western Shoshone Defense Projects' lawsuit against defendants Bureau of Land Management (BLM) and U.S. Fish and Wildlife Services. Mot. to intervene, ECF No. 7; Notice of non-opp., ECF No. 12.[1] Plaintiffs seek vacatur of federal agency approvals of the Rhyolite Ridge Lithium-Boron Project ("Project"). ECF No. 7 at 2. Ioneer is the developer of the Project. *Id.* Because I find that Ioneer's motion satisfies the requirements to intervene as a matter of unconditional right pursuant to Federal Rule of Civil Procedure 24(a)(1), I grant the motion.

**I.    Legal standard**

Rule 24(a)(2) requires a court to permit intervention of right by a movant who claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P.

---

[1] Although they do not oppose the motion, plaintiffs point out that Ioneer's motion does not include the pleading required under Rule 24(c) which states that the motion must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." ECF No. 12 at 2; Fed. R. Civ. P. 24(c). The Ninth Circuit has relaxed the 24(c) obligation and noted that "the failure to comply with Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial rights." *Ironshore Indem. Inc. v. Kay*, 2022 U.S. Dist. LEXIS 17723, at *8 (D. Nev. Feb. 1, 2022) (citing *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (internal citation omitted). If the court is otherwise aware of the grounds for the motion, the procedurally improper motion to intervene may be approved. *Id.* I find that Ioneer's motion properly apprises the court of the grounds for this motion.

24(a)(2); *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022). The Ninth Circuit applies the following four-part test when analyzing a motion to intervene of right under Rule 24(a)(2):

> (1) the motion must be timely;
>
> (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
>
> (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). "In evaluating whether these requirements are met, courts 'are guided primarily by practical and equitable considerations.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). Courts construe Rule 24(a) "broadly in favor of proposed intervenors." *Id.* (quoting *United States ex. rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992)).

## II.   Discussion

Here, all four factors favor intervention as a matter of right. First, Ioneer's motion is timely as it was made within one week of the filing of the complaint and before any substantive motions were filed. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (finding a motion to intervene timely when it was filed at a very early stage and before any rulings or hearings on substantive matters); *Pesticide Action Network N. Am. v. Williams*, 2025 U.S. Dist. LEXIS 1328, at *5 (N.D. Cal. Jan. 3, 2025) (finding a motion to intervene timely when it was made within three months of the filing of the complaint and before any substantive motions were filed).

Second, Ioneer has a significantly protectable interest—namely its interest in developing the Project. ECF No. 7 at 2. If plaintiffs prevail on any of their claims, Ioneer argues that its

interest in development of the Project will be impaired. *Id.* at 4. The Ninth Circuit has held that a purported intervenor has a "significant protectable interest" if it "will suffer a practical impairment of its interests as a result of the pending litigation. *Wilderness Soc.*, 630 F.3d at 1179 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). Given that Ioneer's ability to develop the Project and fulfill its contract rights with the federal government depend on the result of the pending litigation, Ioneer clearly has a significantly protectable interest. *See W. Watersheds Project v. Haaland*, 22 F.4th 828, 842 (9th Cir. 2022) (finding the intervenor had a "due process interest in the outcome of th[e] litigation by virtue of its contract with an existing party").

    Third, the disposition of this matter will impair and impede Ioneer's interest. The Ninth Circuit states that an intervenor's interest is impaired or impeded if "it would be substantially affected in a practical sense by the determination made in an action." *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). Ioneer argues that it will be substantially affected by any determination in this litigation because it is the "owner and developer of the mining operation authorized by BLM through its Record of Decision, [and] Ioneer has material investments and legally recognizable contractual interests that depend on the authorization." ECF No. 7 at 5. The third factor often "follows as a matter of course" if the second factor is met. *Forestkeeper v. Watson*, 2017 U.S. Dist. LEXIS 160191, at *6–7 (E.D. Cal. Sep. 27, 2017) (citing *Lockyer*, 450 F.3d at 442 ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it.")). Therefore I find that the third factor favors allowing intervention.

    Fourth, Ioneer argues that defendants cannot adequately represent its interests. ECF No. 7 at 6. To evaluate adequacy of representation, the court looks at:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;
>
> (2) whether the present party is capable and willing to make such arguments; and
>
> (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*W. Watersheds Project*, 22 F.4th at 840–41. Ioneer argues that defendants cannot be expected to make all of Ioneer's arguments because (1) Ioneer has legal and economic interests that are distinct from those of the United States; (2) defendants are not a party to Ioneer's contractual obligations and do not have any obligations under law to indemnify or defend any claims related to said contractual obligations; (3) defendants do not have the same financial investment as Ioneer, nor are they responsible for the mine development operation; and (4) defendants may choose defenses affected by policy and litigation objectives not shared by Ioneer. ECF No. 7 at 7. Given defendants non-opposition to the motion, I am inclined to agree that they cannot make all Ioneer's arguments. *See Hendree v. UPS*, 2024 U.S. Dist. LEXIS 190389, at *8–9 (E.D. Cal. Oct. 18, 2024) (stating that defendant conceded an argument by filing a non-opposition). Further, as Ioneer is a party with a "legally protected interest in contract rights with the federal government, courts in this circuit have held it "offer[s] a necessary element to the proceedings that other parties would neglect." *W. Watersheds Project*, 22 F. 4th at 842 (quoting *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

Because all elements are satisfied, Ioneer has established a right to intervene under Federal Rule of Civil Procedure 24(a) and its motion to intervene is granted.

### III.    Conclusion

IT IS THEREFORE ORDERED that Ioneer's motion to intervene **[ECF No. 7] is GRANTED.**

Dated: January 14, 2025

_____
Cristina D. Silva
United States District Judge