1    Steven M. Silva
2    Miller Starr Regalia
     steven.silva@msrlegal.com
3    300 E. 2nd Street, 15th Floor
     Reno, NV 89501
4    Tel: 775.895.3036

5    Svend Brandt-Erichsen (SBN 23923)
     Admitted Pro Hac Vice
6    Nossaman LLP
     sbrandterichsen@nossaman.com
7    719 Second Avenue, Suite 1200
8    Seattle, WA 98104
     Tel: 206.395.7630
9
10   *Attorneys for Intervenor Ioneer Rhyolite Ridge LLC*

11

12

13                          UNITED STATES DISTRICT COURT
14                              DISTRICT OF NEVADA

15
     CENTER FOR BIOLOGICAL DIVERSITY, et    Case No: 2:24-cv-02043-CDS-NJK
16   al.,

17              Plaintiffs,                  IONEER RHYOLITE RIDGE LLC'S
                                             ANSWER TO PLAINTIFFS' FIRST
18        vs.                                AMENDED COMPLAINT

19   DEBRA HAALAND, et al.,

20              Defendants,

21        and

22   IONEER RHYOLITE RIDGE LLC,

23              Intervenor-Defendant

24

25

26

27

28

63277362.v2

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, Intervenor-Defendant Ioneer Rhyolite Ridge LLC ("Ioneer"), by and through its undersigned counsel, answers the Plaintiffs' First Amended Complaint (Dkt. 19-1), as follows:

### INTRODUCTION

1.      The allegations in Paragraph 1 purport to characterize the Complaint and constitute conclusions of law, as to which no response is required.  To the extent a response is required, Ioneer admits the allegations of the second sentence of Paragraph 1 and that Defendant U.S. Fish and Wildlife Service ("FWS") issued a Biological Opinion for Ioneer's Project on September 4, 2024, but denies the remaining allegations of Paragraph 1.

2.      Ioneer admits the allegations of Paragraph 2.

3.      Ioneer denies the allegations of Paragraph 3.

4.      Ioneer denies the allegations of Paragraph 4.

5.      Paragraph 5 states conclusions of law as to which no response is required.  To the extent a response is required, Ioner denies the allegations of Paragraph 5.

6.      As to the allegations of Paragraph 6, Ioneer admits that it's corporate affiliate holds valid existing rights under the Mining Law of 1872, but denies the remaining allegations of Paragraph 6.

7.      Paragraph 7 states conclusions of law as to which no response is required.  To the extent a response is required, Ioneer denies the allegations of Paragraph 7.

### JURISDICTION

8.      Paragraph 8 states conclusions of law as to which no response is required.  To the extent a response is required, Ioneer admits that Plaintiffs sent an Endangered Species Act ("ESA") notice of intent to sue letter to BLM, dated October 24, 2024.  The remaining allegations of Paragraph 8 are denied, along with the allegations contained in the October 24, 2024, letter.

9.      The first sentence of Paragraph 9 is a conclusion of law as to which no response is required.  To the extend a response is deemed required, the allegations of the first sentence are denied.  The allegations of the second and third sentences of Paragraph 9 are admitted.  Ioneer

63277362.v2

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence of Paragraph 9, and therefore denies the same.

10.     Paragraph 10 states conclusions of law as to which no response is required.  To the extent a response is required, denied.

**PARTIES**

11.     Ioneer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the same.

12.     Ioneer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the same.

13.     Ioneer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

14.     Ioneer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies the same.

15.     Ioneer denies the allegations contained in Paragraph 15.

16.     Ioneer denies the allegations contained in Paragraph 16.

17.     Ioneer admits the first sentence of Paragraph 17 and that Defendant Department of the Interior ("DOI") manages federal lands subject to the requirements of the Federal Land Policy and Management Act ("FLPMA"), National Environmental Policy Act ("NEPA"), and the ESA, as well as the Mining Law of 1872 and other laws.  Ioneer denies the remaining allegations of Paragraph 17.

18.     Ioneer admits that Defendant Debra Haaland was the U.S. Secretary of the Interior and was sued in her official capacity and denies the remaining allegations of Paragraph 18.

19.     Ioneer admits that Defendant Laura Daniel-Davis was the Acting Deputy Secretary of the Interior and was sued in her official capacity and denies the remaining allegations of Paragraph 19.

20.     Ioneer admits that Defendant Bureau of Land Management ("BLM") is an agency of DOI and manages federal lands subject to the requirements of FLPMA, NEPA, and ESA, as

1 | well as the Mining Law of 1872 and other laws.  Ioneer denies the remaining allegations of
2 | Paragraph 20.

3 |      21.     Ioneer admits that Defendant FWS is an agency of DOI and administers the ESA.
4 | Ioneer denies the remaining allegations of Paragraph 21.

5 |      22.     Ioneer admits that Defendant Martha Williams was Director of FWS and was
6 | sued in her official capacity and denies the remaining allegations of Paragraph 22.

7 | **LEGAL BACKGROUND**

8 |      23.     Paragraph 23 states conclusions of law as to which no response is required.

9 |      24.     Paragraph 24 states conclusions of law as to which no response is required.

10 |      25.     Paragraph 25 states conclusions of law as to which no response is required.

11 |      26.     Paragraph 26 purports to characterize a court ruling and a provision of the ESA,
12 | which speak for themselves and provide the best evidence of their plain meaning and content.
13 | Any allegations contrary to the plain language, meaning, or context of those documents is
14 | denied.

15 |      27.     Paragraph 27 states conclusions of law as to which no response is required.  To
16 | the extent Paragraph 27 purports to characterize the requirements of statutes, those statutes speak
17 | for themselves and provide the best evidence of their plain meaning and content.  To the extent
18 | an answer is deemed required, Ioneer denies the allegations of Paragraph 27.

19 |      28.     Paragraph 28 states conclusions of law as to which no response is required.  To
20 | the extent Paragraph 28 purports to characterize the requirements of statutes, those statutes speak
21 | for themselves and provide the best evidence of their plain meaning and content.  To the extent
22 | an answer is deemed required, Ioneer denies the allegations of Paragraph 28.

23 |      29.     Paragraph 29 states conclusions of law as to which no response is required.  To
24 | the extent Paragraph 29 purports to characterize court decisions, those decisions speak for
25 | themselves and provide the best evidence of their plain meaning and content.  To the extent an
26 | answer is deemed required, Ioneer denies the allegations of Paragraph 29.

27 |      30.     Paragraph 30 states conclusions of law as to which no response is required.  To
28 | the extent Paragraph 30 purports to characterize the requirements of statutes and regulations,

those laws speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 30.

31.    Paragraph 31 states conclusions of law as to which no response is required. To the extent Paragraph 31 purports to characterize the requirements of statutes and regulations, those laws speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 31.

32.    Paragraph 32 states conclusions of law as to which no response is required. To the extent Paragraph 32 purports to characterize the requirements of statutes and regulations, those laws speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 32.

33.    Paragraph 33 states conclusions of law as to which no response is required. To the extent Paragraph 33 purports to characterize court decisions, those decisions speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 33.

34.    Paragraph 34 states conclusions of law as to which no response is required. To the extent Paragraph 34 purports to characterize court decisions and regulations, those decisions and regulations speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 34.

35.    Paragraph 35 states conclusions of law as to which no response is required. To the extent Paragraph 35 purports to characterize court decisions and regulations, those decisions and regulations speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 35.

63277362.v2

36.    Paragraph 36 states conclusions of law as to which no response is required.  To the extent Paragraph 36 purports to characterize court decisions and regulations, those decisions and regulations speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 36.

37.    Paragraph 37 purports to quote the ESA, which speaks for itself and provides the best evidence of its plain meaning and content.  To the extent the allegations of Paragraph 37 vary from the plain meaning of the ESA, Ioneer denies such allegations.

38.    Paragraph 38 purports to quote the ESA, which speaks for itself and provides the best evidence of its plain meaning and content.  To the extent the allegations of Paragraph 38 vary from the plain meaning of the ESA, Ioneer denies such allegations.

39.    Ioneer lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39, and therefore denies the same.

40.    Paragraph 40 states conclusions of law as to which no response is required.  To the extent Paragraph 40 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 40.

41.    Paragraph 41 states conclusions of law as to which no response is required.  To the extent Paragraph 41 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 41.

42.    Paragraph 42 states conclusions of law as to which no response is required.  To the extent Paragraph 42 purports to characterize statutory provisions, those statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 42.

43.    Paragraph 43 states conclusions of law as to which no response is required.  To the extent Paragraph 43 purports to characterize court decisions and statutes, those decisions and

1    statutes speak for themselves and provide the best evidence of their plain meaning and content.

2    To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 43.

3        44.    Ioneer admits that FLPMA is among the statutes that governs BLM's

4    management of public lands and resources.  The remaining allegations of Paragraph 44 are

5    conclusions of law as to which no response is required.  To the extent Paragraph 44 purports to

6    characterize statutes, those statutes speak for themselves and provide the best evidence of their

7    plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the

8    allegations of Paragraph 44.

9        45.    Paragraph 45 states conclusions of law as to which no response is required.  To

10   the extent Paragraph 45 purports to characterize court decisions and statutes, those decisions and

11   statutes speak for themselves and provide the best evidence of their plain meaning and content.

12   To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 45.

13       46.    Paragraph 46 states conclusions of law as to which no response is required.  To

14   the extent Paragraph 46 purports to characterize the requirements of regulations, those

15   regulations speak for themselves and provide the best evidence of their plain meaning and

16   content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph

17   46.

18       47.    Paragraph 47 states conclusions of law as to which no response is required.  To

19   the extent Paragraph 47 purports to characterize the requirements of regulations, those

20   regulations speak for themselves and provide the best evidence of their plain meaning and

21   content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph

22   47.

23       48.    Paragraph 48 states conclusions of law as to which no response is required.  To

24   the extent Paragraph 48 purports to characterize the requirements of regulations, those

25   regulations speak for themselves and provide the best evidence of their plain meaning and

26   content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph

27   48.

28

49.     Paragraph 49 states conclusions of law as to which no response is required.  To the extent Paragraph 49 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 49.

50.     Paragraph 50 states conclusions of law as to which no response is required.  To the extent Paragraph 50 purports to characterize administrative law decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 50.

51.     Paragraph 51 states conclusions of law as to which no response is required.  To the extent Paragraph 51 purports to characterize requirements of statutes, those statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 51.

52.     Paragraph 52 states conclusions of law as to which no response is required.  To the extent Paragraph 52 purports to characterize requirements of statutes, those statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 52.

53.     Paragraph 53 states conclusions of law as to which no response is required.  To the extent Paragraph 53 purports to characterize requirements of statutes, those statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 53.

54.     Paragraph 54 states conclusions of law as to which no response is required.  To the extent Paragraph 54 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 54.

55.     Paragraph 55 states conclusions of law as to which no response is required.  To the extent Paragraph 55 purports to characterize requirements of statutes, those statutes speak for

1    themselves and provide the best evidence of their plain meaning and content.  To the extent an

2    answer is deemed required, Ioneer denies the allegations of Paragraph 55.

3        56.    Paragraph 56 states conclusions of law as to which no response is required.  To

4    the extent Paragraph 56 purports to characterize court decisions and statutes, those decisions and

5    statutes speak for themselves and provide the best evidence of their plain meaning and content.

6    To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 56.

7        57.    Paragraph 57 states conclusions of law as to which no response is required.  To

8    the extent Paragraph 57 purports to characterize requirements of regulations, those regulations

9    speak for themselves and provide the best evidence of their plain meaning and content.  To the

10   extent an answer is deemed required, Ioneer denies the allegations of Paragraph 57.

11       58.    Paragraph 58 states conclusions of law as to which no response is required.  To

12   the extent Paragraph 58 purports to characterize requirements of statutes, those statutes speak for

13   themselves and provide the best evidence of their plain meaning and content.  To the extent an

14   answer is deemed required, Ioneer denies the allegations of Paragraph 58.

15       59.    Paragraph 59 states conclusions of law as to which no response is required.  To

16   the extent Paragraph 59 purports to characterize court decisions and statutes, those decisions and

17   statutes speak for themselves and provide the best evidence of their plain meaning and content.

18   To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 59.

19       60.    Responding to Paragraph 60, Ioneer admits that the Tonopah RMP applies to

20   public lands in the Project area.

21       61.    To the extent Paragraph 61 purports to characterize the content of the Tonopah

22   RMP, that document speaks for itself and provide the best evidence of its plain meaning and

23   content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph

24   61.

25       62.    To the extent Paragraph 62 purports to characterize the content of BLM

26   documents, those documents speak for themselves and provide the best evidence of their plain

27   meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations

28   of Paragraph 62.

63277362.v2

63.    Paragraph 63 states conclusions of law as to which no response is required.  To the extent Paragraph 63 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 63.

64.    Paragraph 64 states conclusions of law as to which no response is required.  To the extent Paragraph 64 purports to characterize the requirements of statutes, those statutes speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 64.

65.    Paragraph 65 states conclusions of law as to which no response is required.  To the extent Paragraph 65 purports to characterize the requirements of statutes and regulations, those statutes and regulations speak for themselves and provide the best evidence of their plain meaning and content.  To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 65.

66.    Paragraph 66 states conclusions of law as to which no response is required.  To the extent Paragraph 66 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 66.

67.    Paragraph 67 states conclusions of law as to which no response is required.  To the extent Paragraph 67 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 67.

68.    Paragraph 68 states conclusions of law as to which no response is required.  To the extent Paragraph 68 purports to characterize court decisions and statutes, those decisions and statutes speak for themselves and provide the best evidence of their plain meaning and content. To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 68.

69.    Paragraph 69 states conclusions of law as to which no response is required.  To the extent Paragraph 69 purports to characterize court decisions and statutes, those decisions and

1    statutes speak for themselves and provide the best evidence of their plain meaning and content.

2    To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 69.

3        70.    Paragraph 70 states conclusions of law as to which no response is required.  To

4    the extent Paragraph 70 purports to characterize court decisions and statutes, those decisions and

5    statutes speak for themselves and provide the best evidence of their plain meaning and content.

6    To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 70.

7        71.    Paragraph 71 states conclusions of law as to which no response is required.  To

8    the extent Paragraph 71 purports to characterize court decisions and statutes, those decisions and

9    statutes speak for themselves and provide the best evidence of their plain meaning and content.

10    To the extent an answer is deemed required, Ioneer denies the allegations of Paragraph 71.

11        72.    Paragraph 72 states conclusions of law as to which no response is required.  To

12    the extent Paragraph 72 purports to characterize the requirements of statutes, those statutes speak

13    for themselves and provide the best evidence of their plain meaning and content.  To the extent

14    an answer is deemed required, Ioneer denies the allegations of Paragraph 72.

15                    **FACTUAL AND PROCEDURAL BACKGROUND**

16        73.    Ioneer admits that Rhyolite Ridge is located in the Silver Peak Range in

17    Esmaralda County, Nevada, to the west of Fish Lake Valley and the unincorporated town of

18    Dyer.  Ioneer denies the remaining allegations of Paragraph 73.

19        74.    Ioneer admits the first two sentences of Paragraph 74 and admits that Cave Spring

20    is adjacent to the Project Area and that there are natural springs nearby.  Ioneer denies the

21    remaining allegations of Paragraph 74.

22        75.    Ioneer denies the allegations of Paragraph 75.

23        76.    Ioneer lacks knowledge or information sufficient to form a belief as to the truth of

24    the allegations of Paragraph 76, and therefore denies the same.

25        77.    Ioneer lacks knowledge or information sufficient to form a belief as to the truth of

26    the allegations of Paragraph 77, and therefore denies the same.

27        78.    Responding to the allegations of Paragraph 78, Ioneer admits that historic

28    pumping has lowered the water table in Fish Lake Valley, that there are geothermal energy leases

- 10 -

63277362.v2

1   in Fish Lake Valley, and that several companies hold mining claims in the Fish Lake Valley area.

2   Ioneer denies the remaining allegations of Paragraph 78.

3       79.    Ioneer admits the first and second sentences of Paragraph 79.  The remainder of

4   Paragraph 79 purports to quote from and characterize the content of a USFWS document, which

5   speaks for itself and is the best evidence of its plain meaning and content.  To the extent an

6   answer is required, Ioneer denies the remaining allegations of Paragraph 79.

7       80.    Ioneer admits the allegations of Paragraph 80.

8       81.    Paragraph 81 purports to quote from and characterize the content of USFWS

9   documents, which speak for themselves and provide the best evidence of their plain meaning and

10  content.

11      82.    The first two sentences of Paragraph 82 purports to quote from and characterize

12  the content of a USFWS document, which speaks for itself and is the best evidence of its plain

13  meaning and content.  Ioneer denies the allegations of the third sentence of Paragraph 82, as well

14  as the allegations of footnote 1.

15      83.    Paragraph 83 purports to quote from and characterize the content of a USFWS

16  document, which speaks for itself and provides the best evidence of its plain meaning and

17  content.  Ioneer admits that there was an herbivory event in 2020 but denies that 60 percent of

18  the total Tiehm's buckwheat population was killed during that event and denies that the 2020

19  herbivory event compromised the long-term viability of subpopulations or of the overall

20  population of Tiehm's buckwheat.

21      84.    Responding to Paragraph 84, Ioneer denies that Tiehm's buckwheat is a soil

22  specialist and denies that it is "highly adapted to the specific conditions in which it grows."  The

23  remaining allegations of Paragraph 84 purport to quote from and characterize the content of a

24  USFWS document, which speaks for itself and provides the best evidence of its plain meaning

25  and content.

26      85.    Paragraph 85 purports to quote from and characterize the content of a USFWS

27  document, which speaks for itself and provides the best evidence of its plain meaning and

28  content.  To the extent an answer is required, Ioneer denies the allegations of Paragraph 85.

1    86.    Paragraph 86 purports to quote from and characterize the content of a USFWS

2    document, which speaks for itself and provides the best evidence of its plain meaning and

3    content.  To the extent an answer is required, Ioneer denies the allegations of Paragraph 86.

4    87.    Paragraph 87 purports to quote from and characterize the content of a USFWS

5    document, which speaks for itself and provides the best evidence of its plain meaning and

6    content.  To the extent an answer is required, Ioneer denies the allegations of Paragraph 87.

7    88.    Ioneer admits that the Project is expected to affect 191 acres of designated critical

8    habitat.  Ioneer denies the remaining allegations of Paragraph 88.

9    89.    Ioneer admits that it conducted exploratory work in 2018.  Ioneer denies the

10    remaining allegations of Paragraph 89.

11    90.    Ioneer admits that Center for Biological Diversity ("CBD") petitioned FWS to list

12    Tiehm's buckwheat (*Eriogonum tiehmii*) under the ESA.  Ioneer denies the remaining allegations

13    of paragraph 90.

14    91.    Ioneer admits that CBD filed suit against BLM regarding Ioneer's exploration

15    work and that the litigation concluded in a settlement agreement, under which Ioneer agreed to

16    provide notice of future applications under 43 C.F.R. Part 3809 related to the Project.  Ioneer

17    denies the remaining allegations of Paragraph 91.

18    92.    Ioneer admits that BLM delayed Ioneer's reclamation of previously disturbed

19    areas, pending consideration of Ioneer's Mine Plan and denies the remaining allegations of

20    Paragraph 92.

21    93.    Ioneer admits that *Halogeton glomeratus* or "saltlover" is present within some

22    subpopulations of Tiehm's buckwheat and that Ioneer's invasive weed control efforts will

23    include removal of *Halogeton.* Ioneer denies the remaining allegations of Paragraph 93.

24    94.    Paragraph 94 purports to quote from and characterize the content of a document,

25    which speaks for itself and provides the best evidence of its plain meaning and content.

26    95.    Ioneer denies the allegations of Paragraph 95.

27

28

96. Ioneer admits that off-highway vehicles ("OHV"), livestock grazing, and naturally occurring events have the potential to adversely impact Tiehm's buckwheat and its designated critical habitat but denies the remaining allegations of Paragraph 96.

97. Paragraph 97 purports to quote from and characterize the content of a FWS document, which speaks for itself and provides the best evidence of its plain meaning and content.

98. Ioneer admits that CBD submitted reports regarding OHV traffic affecting some subpopulations prior to the ESA listing of Tiehm's buckwheat. Ioneer denies the remaining allegations of Paragraph 98.

99. Paragraph 99 purports to quote from and characterize the content of a FWS document, which speaks for itself and provides the best evidence of its plain meaning and content. Ioneer denies the remaining allegations of Paragraph 99.

100. Ioneer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies the same.

101. Ioneer denies the allegations of Paragraph 101.

102. Ioneer admits that FWS published a "90-day" finding regarding CBD's ESA listing petition on July 20, 2020. Ioneer denies the remaining allegations of Paragraph 102.

103. Paragraph 103 purports to characterize the requirements of a statute, which speaks for itself and is the best evidence of its content and plain meaning. Ioneer denies the remaining allegations of Paragraph 103.

104. Ioneer admits the allegations of Paragraph 104.

105. Ioneer admits the allegations of Paragraph 105.

106. Paragraph 106 purports to characterize and quote from a FWS document, which speaks for itself and is the best evidence of its content and plain meaning. To the extent a response is required, Ioneer denies the allegations of Paragraph 106.

107. Ioneer admits that FWS based its listing decision on a Species Status Assessment but denies the remaining allegations of Paragraph 107.

63277362.v2

1      108.    Paragraph 108 purports to characterize and quote from a FWS document, which

2  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

3  response is required, Ioneer denies the allegations of Paragraph 108.

4      109.    Paragraph 109 purports to characterize and quote from a FWS document, which

5  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

6  response is required, Ioneer denies the allegations of Paragraph 109.

7      110.    Ioneer admits that the FWS decision to list Tiehm's buckwheat under the ESA

8  discussed potential impacts from mining scenarios but denies the remaining allegations of

9  Paragraph 110.

10      111.    Paragraph 111 purports to characterize and quote from a FWS document, which

11  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

12  response is required, Ioneer denies the allegations of Paragraph 111.

13      112.    Paragraph 112 purports to characterize and quote from a FWS document, which

14  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

15  response is required, Ioneer denies the allegations of Paragraph 112.

16      113.    Paragraph 113 purports to characterize and quote from a FWS document, which

17  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

18  response is required, Ioneer denies the allegations of Paragraph 113.

19      114.    Paragraph 114 purports to characterize and quote from a FWS document, which

20  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

21  response is required, Ioneer denies the allegations of Paragraph 114.

22      115.    Ioneer admits that USFWS designated 910 acres of critical habitat for Tiehm's

23  buckwheat to assure pollination services are available to the plants but otherwise denies the

24  allegations of Paragraph 115.

25      116.    Paragraph 116 purports to characterize and quote from a FWS document, which

26  speaks for itself and is the best evidence of its content and plain meaning.  To the extent a

27  response is required, Ioneer denies the allegations of Paragraph 116.

28

63277362.v2

117.    Paragraph 117 purports to characterize and quote from a FWS document, which speaks for itself and is the best evidence of its content and plain meaning.  To the extent a response is required, Ioneer denies the allegations of Paragraph 117.

118.    Paragraph 118 purports to characterize and quote from a FWS document, which speaks for itself and is the best evidence of its content and plain meaning.  To the extent a response is required, Ioneer denies the allegations of Paragraph 118.

119.    Paragraph 119 purports to characterize and quote from a FWS document, which speaks for itself and is the best evidence of its content and plain meaning.  To the extent a response is required, Ioneer denies the allegations of Paragraph 119.

120.    Paragraph 120 purports to characterize and quote from a FWS document, which speaks for itself and is the best evidence of its content and plain meaning.  To the extent a response is required, Ioneer denies the allegations of Paragraph 120.

121.    Paragraph 121 purports to characterize and quote from a FWS document, which speaks for itself and is the best evidence of its content and plain meaning.  To the extent a response is required, Ioneer denies the allegations of Paragraph 121.

122.    Ioneer admits that BLM published a NEPA Notice of Intent to Prepare an Environmental Impact Statement for the Project on December 20, 2022. Ioneer denies the remaining allegations of Paragraph 122.

123.    Ioneer admits that drilling was conducted in the winter of 2022-23 outside of designated critical habitat, but that a staging area was placed next to the existing County road that bisects designated critical habitat.  Ioneer denies the remaining allegations pf Paragraph 123.

124.    Ioneer admits that the drilling activity was conducted under 43 C.F.R. Part 2920 and that Ioneer was not required to give notice of the activity to CBD.  Ioneer denies the remaining allegations of Paragraph 124.

125.    Ioneer admits that BLM issued a Draft Environmental Impact Statement ("EIS") for the Project in April 2024 but denies the remaining allegations of Paragraph 125.

63277362.v2

1    126.    Paragraph 126 purports to characterize and quote from the Draft EIS, which
2    speaks for itself and is the best evidence of its content and plain meaning.  To the extent a
3    response is required, Ioneer denies the allegations of Paragraph 126.

4    127.    Ioneer admits that BLM provided a 45-day comment period on the Draft EIS but
5    denies the remaining allegations of Paragraph 127.

6    128.    Ioneer admits that Plaintiffs provided comments on the Draft EIS but denies the
7    remaining allegations of Paragraph 128.

8    129.    Ioneer admits that Plaintiffs submitted comments from Naomi Fraga but denies
9    the remaining allegations of Paragraph 129.

10    130.    Ioneer denies the allegations of Paragraph 130.

11    131.    Ioneer denies the allegations of Paragraph 131.

12    132.    Ioneer denies the allegations of Paragraph 132.

13    133.    Ioneer denies the allegations of Paragraph 133.

14    134.    Ioneer denies the allegations of Paragraph 134.

15    135.    Ioneer denies the allegations of Paragraph 135.

16    136.    Ioneer admits that Plaintiffs submitted comments from Michael McCarthy but
17    denies the remaining allegations of Paragraph 136.

18    137.    Ioneer denies the allegations of Paragraph 137.

19    138.    Ioneer admits that Plaintiffs submitted comments from Steven Emerman but
20    denies the remaining allegations of Paragraph 138.

21    139.    Ioneer admits that Plaintiffs submitted a form letter opposed to the Project but
22    denies the remaining allegations of Paragraph 139.

23    140.    Ioneer denies that the permitting schedule for the Project was accelerated and
24    denies the remaining allegations of Paragraph 140.

25    141.    Ioneer admits that in September 2024, Plaintiffs observed some herbivory of
26    Tiehm's buckwheat Subpopulation 1, which is unaffected by the Project.  Ioneer denies the
27    remaining allegations of Paragraph 141.

28    142.    Ioneer admits the allegations of Paragraph 142.

63277362.v2

143.    Ioneer admits that BLM's Record of Decision for the Project includes conditions related to regulatory approvals from other agencies, including a modification to Ioneer's existing water pollution control permit and its air permit from the Nevada Department of Environmental Protection.  Ioneer denies the remaining allegations of Paragraph 143.

144.    Ioneer admits that the USFWS has issued a Biological Opinion concluding that the Project will not jeopardize the continued existence of Tiehm's buckwheat and will not destroy or adversely modify its designated critical habitat.  Ioneer denies the remaining allegations of Paragraph 144.

145.    Ioneer denies the allegations of Paragraph 145.

146.    Ioneer denies the allegations of Paragraph 146.

147.    Ioneer admits that Plaintiffs submitted comments on the Final EIS and the Biological Opinion.  Ioneer denies the remaining allegations of Paragraph 147.

148.    Ioneer denies the allegations of Paragraph 148.

149.    Ioneer denies the allegations of Paragraph 149.

150.    Ioneer denies the allegations of Paragraph 150.

151.    Ioneer denies the allegations of Paragraph 151.

152.    Ioneer admits the allegations of Paragraph 152.

153.    Ioneer admits the allegations of Paragraph 153.

154.    Ioneer admits that the Department of Energy issued a conditional commitment on January 13, 2023, but denies the remaining allegations of Paragraph 154.

155.    Paragraph 155 purports to characterize and quote from BLM documents, which speak for themselves and are the best evidence of their content and plain meaning.

156.    Paragraph 156 purports to characterize and quote from BLM documents, which speak for themselves and are the best evidence of their content and plain meaning.

157.    Paragraph 157 purports to characterize and quote from BLM documents, which speak for themselves and are the best evidence of their content and plain meaning.

158.    Paragraph 158 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

- 17 -

159. Paragraph 159 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

160. Paragraph 160 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

161. Paragraph 161 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

162. Paragraph 162 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

163. Paragraph 163 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

164. Paragraph 164 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

165. Paragraph 165 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

166. Paragraph 166 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

167. Paragraph 167 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

168. Paragraph 168 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

169. Paragraph 169 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

170. Paragraph 170 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

171. Paragraph 171 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

172. Paragraph 172 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

63277362.v2

173.    Paragraph 173 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning. Ioneer denies that trucks will drive through designated critical habitat to make deliveries to the ore processing facility.

174.    The first sentence of Paragraph 174 purports to characterize and quote Ioneer's Mine Plan of Operations and the Final EIS, which speak for themselves and are the best evidence of their content and plain meaning.  Ioneer denies the allegations of the second sentence of Paragraph 174.

175.    Ioneer admits the facts alleged in Paragraph 175 and denies the legal conclusions alleged in that paragraph.

176.    Ioneer admits that BLM has authorized the Project's water pipeline as a facility ancillary to the mining operation but denies the remaining allegations of Paragraph 176.

177.    Paragraph 177 purports to characterize and quote Ioneer's Mine Plan of Operations, which speak for itself and is the best evidence of its content and plain meaning.

178.    The first two sentences of Paragraph 178 purports to characterize and quote BLM's Biological Assessment, which speak for itself and is the best evidence of its content and plain meaning.  Ioneer denies the allegations contained in the final sentence of Paragraph 178.

179.    Paragraph 179 purports to characterize and quote BLM's Biological Assessment, which speak for itself and is the best evidence of its content and plain meaning.

180.    Paragraph 180 purports to characterize and quote Ioneer's Mine Plan of Operations, which speaks for itself and is the best evidence of its content and plain meaning. Ioneer admits the final sentence of Paragraph 180.

181.    Ioneer admits the allegations of Paragraph 181.

182.    Paragraph 182 purports to characterize and quote Ioneer's Mine Plan of Operations, which speaks for itself and is the best evidence of its content and plain meaning.

183.    Paragraph 183 purports to characterize and quote Ioneer's Mine Plan of Operations, which speaks for itself and is the best evidence of its content and plain meaning.

184.    Ioneer denies the allegations of Paragraph 184.

63277362.v2

185.    Paragraph 185 states legal conclusions, to which no response is required.  To the extent a conclusion is required, Ioneer denies the allegations of Paragraph 185.

186.    Ioneer admits that BLM approved the Project under 43 C.F.R. Part 3809 but denies the remaining allegations of Paragraph 186.

187.    Ioneer admits that the Project is authorized under the Mining Law but denies the remaining allegations of Paragraph 187.

188.    Ioneer admits that the Project's overburden storage facilities and spent ore storage facility will be reclaimed in place but denies the remaining allegations of Paragraph 188.

189.    Ioneer admits that the quarry pit lake will displace about 191 acres of designated critical habitat and denies that it will have any other permanent impact on designated critical habitat.  The remaining allegations of Paragraph 189 repeat allegations address above and purport to characterize the content of various documents, each of which speaks for itself and is the best evidence of its content and plain meaning.

190.    Ioneer denies the allegations of Paragraph 190.

191.    Ioneer denies the allegations of Paragraph 191.

192.    Ioneer denies the allegations of Paragraph 192.

193.    Ioneer denies the allegations of Paragraph 193.

194.    Ioneer admits that dewatering of the quarry will result in a cone of depression, which was fully modeled and will not adversely affect the surrounding ecosystem.  Ioneer denies that dewatering the quarry will cause springs to dry up or reduce flows and denies that the quarry will intercept groundwater that flows to Fish Lake Valley and denies the remaining allegations of Paragraph 194.

195.    Ioneer admits that springs in the area are perched and not connected to the groundwater aquifer that will be dewatered for the quarry and admits that the Project includes mitigation measures should that prove not to be the case.  Ioneer denies the remaining allegations of Paragraph 195.

196.    Ioneer admits that the Nevada State Engineer has identified a "perennial yield" for Fish Lake Valley but denies the allegations of Paragraph 196.

63277362.v2

197.    Paragraph 197 purports to characterize the Final EIS, which speaks for itself and is the best evidence of its content and plain meaning.

198.    Ioneer denies the allegations of Paragraph 198.

199.    Ioneer denies the allegations of Paragraph 199.

200.    Paragraph 2007 purports to characterize the Final EIS, which speaks for itself and is the best evidence of its content and plain meaning.

201.    Ioneer denies the allegations of Paragraph 201.

202.    Ioneer denies the allegations of Paragraph 202.

203.    Ioneer admits that invasive species at the Project site will be monitored and controlled and that the methods for doing so will be detailed in a noxious weed plan but denies the remaining allegations of Paragraph 203.

204.    Ioneer admits that dust deposition will be monitored, a threshold for adaptive management has been identified.  Ioneer denies the remaining allegations of Paragraph 204.

205.    Ioneer denies the allegations of Paragraph 205.

206.    Ioneer denies the allegations of Paragraph 206.

207.    Ioneer denies the allegations of Paragraph 207.

208.    Ioneer denies the allegations of Paragraph 208.

209.    Ioneer denies the allegations of Paragraph 209.

210.    Ioneer denies the allegations of Paragraph 210.

211.    Ioneer denies the allegations of Paragraph 211.

212.    Ioneer denies the allegations of Paragraph 212.

213.    Ioneer denies the allegations of Paragraph 213.

214.    Ioneer denies the allegations of Paragraph 214.

215.    Ioneer denies the allegations of Paragraph 215.

216.    Ioneer admits that pit wall instability poses no appreciable risk to Tiehm's buckwheat and denies the remaining allegations of Paragraph 216.

217.    Ioneer denies the allegations of Paragraph 217.

218.    Ioneer denies the allegations of Paragraph 218.

1    219.    Ioneer denies the allegations of Paragraph 219.

2    220.    Ioneer denies the allegations of Paragraph 220.

3    221.    Ioneer denies the allegations of Paragraph 221.

4    222.    Ioneer denies the allegations of Paragraph 222.

5    223.    Ioneer denies the allegations of Paragraph 223.

6    224.    Ioneer admits that the Buckwheat Protection Plan identifies mitigation measures

7 to address the resources and threats listed in Paragraph 224 and indicates which require detailed

8 implementation plans.  Ioneer denies the remaining allegations of Paragraph 224.

9    225.    Ioneer denies the allegations of Paragraph 225.

10    **CLAIMS FOR RELIEF**

11    First Claim for Relief: Violation of the ESA and APA

12    226.    Ioneer restates and incorporates by reference its responses to all preceding

13 paragraphs.

14    227.    Paragraph 227 asserts legal conclusions to which no response is required.  To the

15 extent a response is deemed required, Ioneer denies the allegations of Paragraph 227.

16    228.    Paragraph 228 asserts legal conclusions to which no response is required.  To the

17 extent a response is deemed required, Ioneer denies the allegations of Paragraph 228.

18    Second Claim for Relief: Violation of FLPMA and the APA

19    229.    Ioneer restates and incorporates by reference its responses to all preceding

20 paragraphs.

21    230.    Paragraph 230 asserts legal conclusions to which no response is required.  To the

22 extent a response is deemed required, Ioneer denies the allegations of Paragraph 230.

23    231.    Paragraph 231 asserts legal conclusions to which no response is required.  To the

24 extent a response is deemed required, Ioneer denies the allegations of Paragraph 231.

25    Third Claim for Relief: Violation of FLPMA

26    232.    Ioneer restates and incorporates by reference its responses to all preceding

27 paragraphs.

28

1    233.    Paragraph 233 asserts legal conclusions to which no response is required. To the

2  extent a response is deemed required, Ioneer denies the allegations of Paragraph 233.

3    234.    Paragraph 234 asserts legal conclusions to which no response is required. To the

4  extent a response is deemed required, Ioneer denies the allegations of Paragraph 234.

5    235.    Paragraph 235 asserts legal conclusions to which no response is required. To the

6  extent a response is deemed required, Ioneer denies the allegations of Paragraph 235.

7    236.    Paragraph 236 asserts legal conclusions to which no response is required. To the

8  extent a response is deemed required, Ioneer denies the allegations of Paragraph 236.

9        Fourth Claim for Relief: Violation of FLPMA

10    237.    Ioneer restates and incorporates by reference its responses to all preceding

11  paragraphs.

12    238.    Paragraph 238 asserts legal conclusions to which no response is required. To the

13  extent a response is deemed required, Ioneer denies the allegations of Paragraph 238.

14    239.    Paragraph 239 asserts legal conclusions to which no response is required. To the

15  extent a response is deemed required, Ioneer denies the allegations of Paragraph 239.

16    240.    Paragraph 240 asserts legal conclusions to which no response is required. To the

17  extent a response is deemed required, Ioneer denies the allegations of Paragraph 240.

18        Fifth Claim for Relief: Violation of FLPMA and NEPA

19    241.    Ioneer restates and incorporates by reference its responses to all preceding

20  paragraphs.

21    242.    Paragraph 242 asserts legal conclusions to which no response is required. To the

22  extent a response is deemed required, Ioneer denies the allegations of Paragraph 242.

23    243.    Paragraph 243 asserts legal conclusions to which no response is required. To the

24  extend a response is deemed required, Ioneer denies the allegations of Paragraph 243.

25    244.    Paragraph 244 asserts legal conclusions to which no response is required. To the

26  extent a response is deemed required, Ioneer denies the allegations of Paragraph 244.

27    245.    Paragraph 245 asserts legal conclusions to which no response is required. To the

28  extend a response is deemed required, Ioneer denies the allegations of Paragraph 245.

- 23 -

1      Sixth Claim for Relief: Violation of NEPA and FLPMA

2          246.    Ioneer restates and incorporates by reference its responses to all preceding

3  paragraphs.

4          247.    Paragraph 247 asserts legal conclusions to which no response is required.  To the

5  extent a response is deemed required, Ioneer denies the allegations of Paragraph 247.

6          248.    Paragraph 248 asserts legal conclusions to which no response is required.  To the

7  extend a response is deemed required, Ioneer denies the allegations of Paragraph 248.

8      Seventh Claim for Relief: Violation of NEPA and FLPMA

9          249.    Ioneer restates and incorporates by reference its responses to all preceding

10  paragraphs.

11          250.    Paragraph 250 asserts legal conclusions to which no response is required.  To the

12  extent a response is deemed required, Ioneer denies the allegations of Paragraph 250.

13          251.    Paragraph 251 asserts legal conclusions to which no response is required.  To the

14  extend a response is deemed required, Ioneer denies the allegations of Paragraph 251.

15          252.    Paragraph 252 asserts legal conclusions to which no response is required.  To the

16  extent a response is deemed required, Ioneer denies the allegations of Paragraph 252.

17      Eighth Claim for Relief: NEPA and FLPMA

18          253.    Ioneer restates and incorporates by reference its responses to all preceding

19  paragraphs.

20          254.    Paragraph 254 asserts legal conclusions to which no response is required.  To the

21  extent a response is deemed required, Ioneer denies the allegations of Paragraph 254.

22          255.    Paragraph 255 asserts legal conclusions to which no response is required.  To the

23  extend a response is deemed required, Ioneer denies the allegations of Paragraph 255.

24      Ninth Claim for Relief: Violation of the ESA

25          256.    Ioneer restates and incorporates by reference its responses to all preceding

26  paragraphs.

27          257.    Paragraph 257 asserts legal conclusions to which no response is required.  To the

28  extend a response is deemed required, Ioneer denies the allegations of Paragraph 257.

- 24 -

1    258.    Paragraph 258 asserts legal conclusions to which no response is required.  To the

2  extend a response is deemed required, Ioneer denies the allegations of Paragraph 258.

3    259.    Paragraph 259 asserts legal conclusions to which no response is required.  To the

4  extend a response is deemed required, Ioneer denies the allegations of Paragraph 259.

5    Tenth Claim for Relief: Violation of the ESA

6    260.    Ioneer restates and incorporates by reference its responses to all preceding

7  paragraphs.

8    261.    Paragraph 261 asserts legal conclusions to which no response is required.  To the

9  extent a response is deemed required, Ioneer denies the allegations of Paragraph 261.

10    262.    Paragraph 262 states conclusions of law as to which no response is required.  To

11  the extent Paragraph 262 purports to characterize court decisions and ESA requirements, those

12  decisions and statutes speak for themselves and provide the best evidence of their plain meaning

13  and content.  To the extent an answer is deemed required, Ioneer denies the allegations of

14  Paragraph 262.

15    263.    Paragraph 263 states conclusions of law as to which no response is required.  To

16  the extent Paragraph 263 purports to characterize court decisions and ESA requirements, those

17  decisions and statutes speak for themselves and provide the best evidence of their plain meaning

18  and content.  To the extent an answer is deemed required, Ioneer denies the allegations of

19  Paragraph 263.

20    264.    Paragraph 264 asserts legal conclusions to which no response is required.  To the

21  extend a response is deemed required, Ioneer denies the allegations of Paragraph 264.

22    265.    Paragraph 265 asserts legal conclusions to which no response is required.  To the

23  extend a response is deemed required, Ioneer denies the allegations of Paragraph 265.

24    266.    Paragraph 266 asserts legal conclusions to which no response is required.  To the

25  extend a response is deemed required, Ioneer denies the allegations of Paragraph 266.

26    267.    Paragraph 267 asserts legal conclusions to which no response is required.  To the

27  extend a response is deemed required, Ioneer denies the allegations of Paragraph 267.

28    268.

63277362.v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' First Amended Complaint, lettered A through H, contain Plaintiffs' request for relief to which no response is required.  To the extent that a response is deemed required, Ioneer denies that Plaintiffs are entitled to any of the relief sought or to any other relief.

## GENERAL DENIAL

Ioneer denies each and every allegation not specifically admitted in its responses to the Plaintiffs' First Amended Complaint, set forth above.  To the extent any allegations remain unanswered, Ioneer denies such allegations.

## AFFIRMATIVE DEFENSES

A.  Plaintiffs lack standing to bring this action before this Court.

B.  Plaintiffs' First Amended Complaint and its individual Claims for Relief fail to state a claim upon which relief can be granted.

C.  Plaintiffs' claims are barred, in whole or in part, by estoppel, laches, res judicata, the statute of limitations, and waiver.

D.  Ioneer reserves the right to supplement these affirmative defenses.

## REQUEST FOR RELIEF

Wherefore, Ioneer respectfully requests that the Court:

1.  Dismiss Plaintiffs' First Amended Complaint with prejudice.

2.  Deny all relief and costs requested by Plaintiffs.

3.  Grant Ioneer's costs and reasonable attorneys' fees herein.

4.  Grant Ioneer such other and further relief as the Court may deem just and proper.

1  Date:    January 24, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

By: /s/ Steven M. Silva

Steven M. Silva, Nevada Bar No. 12492
Miller Starr Regalia
300 E. 2nd Street, 15th Floor
Reno, NV 89501
Tel: 775-895-3036

By: /s/ Svend Brandt-Erichsen

Svend Brandt-Erichsen
Admitted Pro Hac Vice
Washington Bar No. 23923
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 395-7630

*Attorneys for Intervenor Ioneer Rhyolite Ridge LLC*

- 27 -

1                           **CERTIFICATE OF SERVICE**

2

3          Pursuant to Fed. R. Civ. P. 5, I hereby certify that on January 24, 2025, I electronically

4    transmitted the attached document to the Clerk of the Court using the Court's CM/ECF System for

5    filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

6          Dated this 24th day of January, 2025.

7

8                                                    */s/Svend Brandt-Erichsen*
                                                     Svend Brandt-Erichsen
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

63277362.v2