SCOTT LAKE
NV Bar No. 15765
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 6205
Reno, NV 89513
Phone: (802) 299-7495
Email: slake@biologicaldiversity.org

ROGER FLYNN
CO Bar No. 21078
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main Street, #2
Lyons, CO 80540
Phone: (303) 823-5738
Email: roger@wmaplaw.org
(*pro hac vice*)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, et al.,[1]<br><br>  Defendants,<br><br>IONEER RHYOLITE RIDGE, LLC,<br><br>  Defendant-Intervenor. | Case No: 2:24-cv-02043-CDS-NJK<br><br>**ORDER GRANTING JOINT CASE MANAGEMENT AND SCHEDULING PLAN** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Burgum is automatically substituted for Debra Haaland, formerly Secretary of the Interior.

1

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, counsel for Plaintiffs, Defendants, and Defendant-Intervenor (Ioneer) met and conferred on February 5, 2025 and jointly propose the following discovery plan and briefing schedule in this matter.

**Discovery Plan**

1.   Initial Disclosures: Plaintiffs bring claims under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq.*, National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*, the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, challenging Federal Defendants' decision to approve the Rhyolite Ridge Lithium-Boron Mining Project. The parties agree that Plaintiffs' claims under the APA, NEPA, and FLPMA shall be resolved following the lodging and review of administrative records. The Parties stipulate to waive initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(i). However, Plaintiffs reserve the right to seek limited discovery related to their claims under the ESA's citizen-suit provision, 16 U.S.C. § 1540(g). Federal Defendants and Ioneer reserve the right to oppose any request from Plaintiffs to conduct discovery in this matter.

2.   Amending the Pleadings and Adding Parties: Plaintiffs filed their Complaint on October 31, 2024 and their First Amended Complaint on January 10, 2025. Plaintiffs do not expect to add any additional parties. At this time, Plaintiffs believe it is unlikely they will seek to further amend the pleadings but cannot rule it out until after the administrative records are lodged. Ioneer filed an Answer on January 24, 2025. ECF 21. Pursuant to this Court's order, ECF 23, Federal Defendants' Answer is due on March 3, 2025. Federal Defendants and Ioneer do not presently anticipate amending their pleadings other than to respond to any amendment by Plaintiffs.

3.   Discovery: Plaintiffs' claims under the APA, NEPA, and FLPMA will be decided on administrative records. Plaintiffs reserve the right to seek limited discovery related to their claims under the ESA's citizen-suit provision, 16 U.S.C. § 1540(g). Federal Defendants and Ioneer reserve the right to oppose any request from Plaintiffs to conduct discovery in this matter.

4.   Electronically Stored Information: Federal Defendants plan to lodge the administrative record with the Court on electronic media, such as a DVD or USB drive.

5.     Issues Related to Privilege or Protection: The parties do not anticipate seeking entry of a protective order in this matter.

6.     Dispositive Motions: The parties agree that this case will be resolved on cross motions for summary judgment. Plaintiffs may seek preliminary injunctive relief as provided in paragraphs 16 and 17, below.

7.     Pretrial Order and Disclosures: The parties agree pretrial disclosures and a pretrial order will not be necessary.

8.     Alternative Dispute Resolution: The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes to resolve this case.

9.     Alternative Forms of Case Disposition: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program but that these are not applicable to this case.

**Proposed Briefing Schedule**

Plaintiffs, Federal Defendants, and Ioneer have met and conferred and agree that this case may be resolved on cross-motions for summary judgment following the lodging and review of the administrative records. The Parties jointly proposed the following schedule:

10.    Federal Defendants shall lodge the administrative records on or before March 14, 2025.

11.    Any motions concerning the sufficiency of the administrative records, seeking to supplement or complete the administrative records, or seeking to conduct discovery shall be filed on or before April 18, 2025. If any such motions are filed, the remainder of this proposed schedule is vacated and the parties agree to meet and confer as soon as practicable to discuss and submit to the Court a revised schedule for briefing on motions for summary judgment and/or preliminary injunction.

12.    If no motions concerning the administrative record or discovery are filed, Plaintiffs shall file a motion for summary judgment and memorandum in support on or before May 2, 2025, which together shall not exceed 45 pages. The parties agree to waive the requirements of Local Rule 56-1, as this case will be wholly or principally decided on the basis of administrative records.

3

Each motion or cross-motion for summary judgment shall include a discussion of the relevant facts supported by citations to the administrative records and any duly admitted extra-record evidence.

13. Federal Defendants and Ioneer shall each file oppositions to Plaintiffs' motion for summary judgment and/or cross-motions for summary judgment on or before June 13, 2025, which shall not exceed 45 pages.

14. Plaintiffs shall file a consolidated reply in support of their motion for summary judgment and response to Federal Defendants' and Ioneer's cross-motions for summary judgment on or before July 18, 2025, which shall not exceed 45 pages.

15. Federal Defendants and Ioneer will each file a reply in support of their cross-motions for summary judgment on August 15, 2025, which shall not exceed 25 pages.

16. The parties have conferred about initial Project activities and Plaintiffs' reservation of their right to seek preliminary injunctive relief. In an effort to avoid such a motion at this time, Ioneer will limit Project activities during 2025 as follows:

    a. Ioneer will not commence road construction and realignment activities within Tiehm's buckwheat critical habitat until at least September 2025.

    b. Ioneer will not begin stripping overburden and soil within Tiehm's buckwheat critical habitat until at least December 2025.

    c. Ioneer may begin reclamation work and water supply development during the first quarter of 2025.

    d. Reclamation work within Tiehm's buckwheat critical habitat is for existing disturbance associated with the previous exploration notices, as well research plots utilized by the University of Nevada, Reno (UNR). Reclamation will be focused on weed control, subject to the finalization of the invasive species control plan.

    e. Ioneer may begin water supply development utilizing existing well TW-2 no earlier than May 2025. Access to TW-2 will be via the existing access road. The water line from TW-2 will be run on the surface (i.e., not buried) along this existing disturbance route. Additional construction of water wells and related infrastructure within Tiehm's buckwheat critical habitat will not occur until 2026.

17. Ioneer will notify Plaintiffs' counsel at least 60 days prior to beginning any ground-disturbing activity within Tiehm's buckwheat critical habitat except the reclamation and water supply development work specifically described in paragraphs 16(c)-(e) above scheduled to take place in 2025. Upon receipt of such notice, should Plaintiffs determine that preliminary injunctive relief is necessary to prevent irreparable harm to their interests, Plaintiffs may file a motion for preliminary injunction no later than 30 days before the start of ground-disturbing activities in Tiehm's buckwheat critical habitat, seeking to enjoin all Project activities except those activities specifically described in paragraphs 16(c)-(e) above that may occur during 2025. Plaintiffs' motion for preliminary injunction shall not exceed 30 pages.

18. The Parties shall confer on or before June 30, 2025 to discuss whether Defendant-Intervenor's schedule for construction and activity commencement has been delayed. Defendant-Intervenor agrees to provide notice to all Parties if for any reason its anticipated construction schedule has been accelerated.

Dated February 25, 2025                     Respectfully submitted,

                                            */s/ Scott Lake*
                                            Scott Lake
                                            Center for Biological Diversity
                                            P.O. Box 6205
                                            Reno, NV 89513
                                            (802) 299-7495
IT IS SO ORDERED.                           slake@biologicaldiversity.org
Dated: February 26, 2025


Nancy J. Koppe                              */s/ Roger Flynn*
United States Magistrate Judge              Roger Flynn
                                            Western Mining Action Project
                                            P.O. Box 349, 440 Main Street, #2
                                            Lyons, CO 80540
                                            (303) 823-5738
                                            roger@wmaplaw.org
                                            (*pro hac vice*)

                                            *Attorneys for Plaintiffs*

5