SCOTT LAKE
NV Bar No. 15765
MEGAN ORTIZ
NV Bar No. 15614
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 6205
Reno, NV 89513
Phone: (802) 299-7495
Email: slake@biologicaldiversity.org
Email: mortiz@biologicaldiversity.org

ROGER FLYNN
CO Bar No. 21078
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main Street, #2
Lyons, CO 80540
Phone: (303) 823-5738
Email: roger@wmaplaw.org
(*pro hac vice*)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DOUG BURGUM, in his official capacity as Secretary of the Interior, et al., <br><br> Defendants, <br><br> IONEER RHYOLITE RIDGE, LLC <br><br> Defendant-Intervenor. | Case No: 2:24-cv-02043-CDS-NJK <br><br> **MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY AND NOTICE OF AGENCY ACTION, AND MOTION FOR JUDICIAL NOTICE** |

COME NOW Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY, et. al., and pursuant to LR 7-2(g), request leave to submit supplemental authority and notice of Defendant agency action in support of Plaintiffs' Motion for Summary Judgment, ECF 37, and additionally, in the alternative, request that the Court take judicial notice of publicly available new federal agency documents pursuant to Fed. R. Evid. 201(b)(2).

Specifically, Plaintiffs move to submit: (1) Defendant Bureau of Land Management (BLM)'s Notice in the Federal Register describing its intent to prepare an Environmental Impact Statement (EIS) for a proposed expansion of the Castle Mountain Mine in Southern Nevada and California, 90 Fed. Reg. 48373

(Oct. 20, 2025) (Exhibit 2); and (2) as referenced in that Federal Register Notice, a Right-of-Way (ROW) application and Utilities Plan of Development (UPOD) under FLPMA Title V for a water pipeline and electrical transmission line needed to service the existing mining operations and proposed mine expansion (Exhibit 3).

As explained below, these documents contradict BLM's position in this case, that water pipelines and related infrastructure are "operations authorized by the mining laws," and are not subject to FLPMA Title V requirements.

Plaintiffs conferred with counsel for the Federal Defendants and Ioneer regarding this motion, and provided each with copies of the two documents. Both reserved their position pending review of the motion.

The supplemental authority and new Defendant agency documents establish that ancillary infrastructure associated with mining operations on federal public lands—such as water pipelines and transmission lines—are properly evaluated and authorized under FLPMA Title V, 43 U.S.C. §§ 1761-71, and its implementing regulations at 43 C.F.R., Parts 2800/2900, and **not** under the Mining Law of 1872 and Section 612 of the Surface Resources, Multiple Use Act of 1955 (30 U.S.C. § 612(a)), as was done for the Rhyolite Ridge project. In other words, the supplemental authority and publicly available government documents confirm that Federal Defendants unlawfully approved the 19-mile water pipeline and transportation corridor associated with the Rhyolite Ridge mine under the mistaken belief that such ancillary facilities are "operations authorized by" the Mining Law, and were not governed by FLPMA's ROW provisions.

Plaintiffs filed their Response/Reply brief in support of the Motion for Summary Judgment on September 12, 2025. ECF 46. Subsequently, on October 20, 2025, Defendant Bureau of Land Management (BLM) issued a notice in the Federal Register describing its intent to prepare an Environmental Impact Statement (EIS) for a proposed expansion of the Castle Mountain Mine in Southern Nevada and California, as proposed in a mining plan of operations prepared and submitted pursuant to BLM's mining regulations at 43 C.F.R. Part 3800/3809. 90 Fed. Reg. 48373 (Oct. 20, 2025). *See* Exh. 1 (Proposed Notice of Supplemental Authority); Exh. 2 (BLM Federal Register Notice of Intent).

As stated in that Notice of Intent, BLM's EIS for the proposed mine expansion would also consider approving—separately from and concurrently with mining operations authorized under the Mining Law and

2

Part 3800/3809—a right-of-way (ROW) application and a Utilities Plan of Development (UPOD) under FLPMA Title V and its 43 C.F.R. Part 2800/2920 regulations (the regulations governing ROWs and special use permits), for a water pipeline and electrical transmission line needed to service the existing mining operations and proposed mine expansion. *See* Exh. 3 (Utilities Plan of Development). The Utilities Plan of Development, submitted under FLPMA Title V to BLM, was posted by BLM on its website for the project. *See* https://eplanning.blm.gov/eplanning-ui/project/2039209/510; https://eplanning.blm.gov/public_projects/2039209/200667792/20145673/251045653/EQX-CMM_Utilities%20Plan%20Of%20Development_508.pdf (viewed November 11, 2025).

Any supplementation requires leave of court, *see* LR 7-2(g), and "counsel have a continuing duty to inform the Court of any development which may conceivably affect an outcome." *Fusari v. Steinberg*, 419 U.S. 379, 391 (1975) (Burger, C.J., concurring). Here, BLM's new Federal Register Notice of Intent and the associated UPOD directly contradict the position taken by Federal Defendants in this case, which is that ancillary infrastructure—such as water pipelines and transmission lines—are considered "operations authorized by the mining laws," governed by the Mining Law of 1872 and BLM's mining regulations at 43 C.F.R. Part 3800/3809, and **not** under FLPMA's Title V ROW requirements. *See* Fed. Def. Br., ECF 43, at 33-35.

The situation at the Castle Mountain mine is essentially the same as at Rhyolite Ridge. For each project, BLM considered both (1) mining operations and (2) ancillary infrastructure to support those mining operations. At Castle Mountain, however, BLM acknowledged that the water pipeline and transmission line associated with the mine must be evaluated and authorized under FLPMA Title V and the regulations at 43 C.F.R. Part 2800/2900, **not** under the Mining Law and the Part 3800/3809 regulations, as was done at Rhyolite Ridge. BLM thus concedes, through its formal and public statements, that its review and permitting of off-site pipelines, transmission lines, transportation corridors and similar infrastructure supporting mining operations must occur under a different regulatory regime than the mining operations themselves. As explained in BLM's Federal Register Notice:

> The BLM's purpose is to respond to CMV's request to amend the mine plan of operations and authorize the Utilities Plan of Development for CMM [Castle Mountain Mining Co.].
>
> . . .

>The Proposed Action would consist of an expansion of CMV's authorized plan of operations for the CMM under the regulations found at 43 CFR part 3800, subpart 3809. **The Proposed Action would also include the authorization of rights-of-way for an underground water pipeline and overhead powerline under the regulations found at 43 CFR part 2800**.

90 Fed. Reg. 48373 (Oct. 20, 2025) (attached as Exh. 2) (emphasis added).

BLM's review of the Castle Mountain Mine Plan and UPOD apply the correct regulatory regime, acknowledging that the water pipeline and electrical transmission line are governed by the FLPMA Title V ROW Part 2800/2900 regulations, and are not governed by the mining laws and Part 3800/3809 regulations. *See* UPOD table 3 (p. 10) (stating that the pipeline/transmission lines are governed by: "Federal Land Policy and Management Act of 1976, as amended (Public Law 94-579), United States Code (USC) 1761-1771, and 43 Code of Federal Regulations (CFR) 2800.").

BLM's correct use of the Part 2800/2900 regulations at Castle Mountain directly contradicts the government's assertion here that the Rhyolite Ridge water pipeline is considered an "operation authorized by the mining laws," to which the FLPMA ROW rules do not apply. *See* Fed. Def. Br., ECF 43, at 33-35. Yet if BLM's position in this case were correct, there would be no need for a separate FLPMA Title V ROW for the Castle Mountain pipeline and transmission line, as BLM's Federal Notice explains is necessary.

Moreover, as Plaintiffs explained in their Response/Reply brief, the Government's position here cannot be squared with the binding Ninth Circuit *Rosemont* precedent, which holds that only operations covered by valid rights under the Mining Law are "authorized by the mining laws," and rejects the precise argument Federal Defendants make here, namely that "reasonably incident" activities such as pipelines and roads are authorized under the Mining Law, without evidence that the applicant holds valid rights under the mining laws to use those lands. *See Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*, 409 F. Supp. 3d 738, 747-48 (D. Ariz. 2019), *aff'd*, 33 F.4th 1202. *See also Great Basin Resource Watch v. U.S. Dept. of the Interior*, No. 3:19-cv-00661-LRH-CSD, 2023 WL 2744682, *5 (D. Nev. 2023) (same).

BLM's review of the Castle Mountain pipeline and transmission line acknowledges this – that off-site water pipelines are not "authorized by the mining laws" and are not regulated as such. As the challenged ROD and FEIS contradict this accepted, and correct, position, they are therefore arbitrary, capricious, and unlawful. 5 U.S.C. § 706(2).

Plaintiffs therefore request leave to submit the BLM's new Federal Register Notice, and the accompanying and referenced UPOD, as supplemental authority establishing that FLPMA and the Part 2800/2900 regulations, and not the Mining Law and the Part 3800/3809 regulations, apply to ancillary infrastructure such as water pipelines and transmission lines.

In the alternative, Plaintiffs request that this Court take judicial notice of the UPOD, as its veracity is beyond question, and as discussed, is directly pertinent to the issues under review. *See* Fed. R. Evid. 201(b)(2); *see also Daniels-Hall v. Natl. Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (a court may take judicial notice under Rule 201 of publicly available government documents); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (same); *Or. Natural Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1112 n.14 (9th Cir. 2008) (taking judicial notice of public agency documents, including agency guidance and handbooks, in an APA case); *EVO Brands, LLC v. Al Khalifa Group LLC*, 657 F.Supp.3d 1312, 1321 (C.D. Cal. 2023) (judicial notice of materials posted on agency website).

A proposed order is attached to this Motion. For good cause shown, Plaintiffs move for leave to file the attached notice of supplemental authority and agency action, and for the Court to take judicial notice of the publicly available UPOD.

Respectfully submitted this 19th day of November, 2025,

*/s/ Scott Lake*
Scott Lake
Megan Ortiz
Center for Biological Diversity
P.O. Box 6205
Reno, NV 89513
(802) 299-7495
slake@biologicaldiversity.org
mortiz@biologicaldiversity.org

*/s/ Roger Flynn*
Roger Flynn
Western Mining Action Project
P.O. Box 349, 440 Main Street, #2
Lyons, CO 80540
(303) 823-5738
roger@wmaplaw.org

(pro hac vice)

*Attorneys for Plaintiffs*

**EXHIBITS**

1. Proposed Notice of Supplemental Authority

2. Bureau of Land Management, *Notice of Intent to Prepare an Environmental Impact Statement for the Proposed Castle Mountain Mine Phase II Expansion, San Bernardino County, California and Clark County, Nevada*, 90 Fed. Reg. 48373 (Oct. 20, 2025).

3. Utilities Plan of Development (UPOD) for the Proposed Castle Mountain Mine Phase II Expansion

4. Proposed Order Granting Leave to Submit Notice of Supplemental Authority and Taking Judicial Notice

**CERTIFICATE OF SERVICE**

I hereby certify that today I electronically filed the foregoing and all exhibits, which will send notification of such upon all attorneys of record.

Dated November 19th, 2025

*/s/ Scott Lake*