# Exhibit 1

*to*

Plaintiffs' Motion for Leave to Submit Supplemental Authority and Notice of Agency Action, and Motion for Judicial Notice

*in*

*Center for Biological Diversity et al. v. Burgum et al.*, 2:24-cv-02043-CDS-NJK

Proposed Notice of Supplemental Authority


Case 2:24-cv-02043-CDS-NJK   Document 52-1   Filed 11/19/25   Page 2 of 5

SCOTT LAKE
NV Bar No. 15765
MEGAN ORTIZ
NV Bar No. 15614
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 6205
Reno, NV 89513
Phone: (802) 299-7495
Email: slake@biologicaldiversity.org
Email: mortiz@biologicaldiversity.org

ROGER FLYNN
CO Bar No. 21078
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main Street, #2
Lyons, CO 80540
Phone: (303) 823-5738
Email: roger@wmaplaw.org
(*pro hac vice*)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, et al.,<br><br>Defendants,<br><br>IONEER RHYOLITE RIDGE, LLC<br><br>Defendant-Intervenor. | Case No: 2:24-cv-02043-CDS-NJK<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY AND AGENCY ACTION** |

      COME NOW Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY et al., pursuant to Fed. R. Evid. 201(b)(2) and LR 7-2(g), and respectfully notify the Court of new, publicly available federal agency documents relevant to the subject case. Specifically, Plaintiffs move to submit: (1) Defendant Bureau of Land Management (BLM)'s Notice in the Federal Register describing its intent to prepare an Environmental

1

Impact Statement (EIS) for a proposed expansion of the Castle Mountain Mine in Southern Nevada and California, 90 Fed. Reg. 48373 (Oct. 20, 2025); and (2) As referenced in that Federal Register Notice, a Right-of-Way (ROW) application and Utilities Plan of Development (UPOD) under FLPMA Title V for a water pipeline and electrical transmission line needed to service the existing mining operations and proposed mine expansion. As explained below, these documents contradict BLM's position in this case, that water pipelines and related infrastructure are "operations authorized by the mining laws," and are not subject to FLPMA Title V requirements.

On October 20, 2025, approximately five weeks after Plaintiffs filed their Response Reply in Support of their Motion for Summary Judgment, *see* ECF 37, 46, Defendant Bureau of Land Management (BLM) issued a Notice in the Federal Register describing its intent to prepare an Environmental Impact Statement (EIS) for a proposed expansion of the Castle Mountain Mine in Southern Nevada and California, as proposed in a mining plan of operations prepared and submitted pursuant to BLM's mining regulations at 43 C.F.R. Part 3800/3809. 90 Fed. Reg. 48373 (Oct. 20, 2025). As stated in that Federal Register Notice of Intent, BLM's EIS for the proposed mine expansion would also consider approving—separately from and concurrently with mining operations authorized under the Mining Law and Part 3800/3809—a right-of-way (ROW) application and a Utilities Plan of Development (UPOD) under FLPMA and its 43 C.F.R. Part 2800 regulations (the regulations governing ROWs and special use permits), for a water pipeline and electrical transmission line needed to service the existing mining operations and proposed mine expansion. *See* Exh. 2 (Notice of Intent); Exh. 3 (Utilities Plan of Development).

The Castle Mountain Notice of Intent supports Plaintiffs' argument here that BLM improperly and unlawfully authorized the water pipeline and transportation corridor associated with the Rhyolite Ridge mining project under the Mining Law of 1872 and the regulations at 43 C.F.R. Part 3800/3809, and did not require the mining company, Defendant-Intervenor Ioneer Rhyolite Ridge, LLC (Ioneer), to obtain a valid right-of-way (ROW) under FLPMA Title V and the 43 C.F.R. Part 2800 regulations.

The situation at the Castle Mountain mine is essentially the same as at Rhyolite Ridge—for each project, BLM approved both: (1) mining operations, and (2) ancillary infrastructure to support those mining

operations. But at Castle Mountain, BLM acknowledged that the water pipeline and transmission line associated with the mine must be evaluated and authorized under FLPMA Title V and the regulations at 43 C.F.R. Part 2800, not under the Mining Law and the Part 3800/3809 regulations. BLM thus concedes, through its formal and public statements, that its review and permitting of the pipelines, transmission lines, transportation corridors and similar infrastructure supporting mining operations must occur under a different regulatory regime than the mining operations themselves.

The Castle Mountain Mine Plan and UPOD apply the correct regulatory regime, acknowledging that the water pipeline and electrical transmission line are governed by the FLPMA Title V ROW regulations, and are not "authorized by the mining laws" as the Government argues here. *See* UPOD table 3 (p. 10) (stating that the pipeline/transmission lines are governed by: "Federal Land Policy and Management Act of 1976, as amended (Public Law 94-579), United States Code (USC) 1761-1771, and 43 Code of Federal Regulations (CFR) 2800."); *see also* Fed. Def. Br., ECF 43, at 33-35.

Based on this supplemental authority, as well as the points and authorities discussed in Plaintiffs' Motion for Summary Judgment, ECF 37, and Plaintiffs' Response/Reply in support of the Motion for Summary Judgment, ECF 46, Plaintiffs respectfully request that this Court find that Federal Defendants violated FLPMA and the APA by failing to require Ioneer to obtain a valid FLPMA Title V ROW for the Rhyolite Ridge water pipeline and transportation corridor.

Dated November 19th, 2025,          Respectfully submitted,

*/s/ Scott Lake*
Scott Lake
Megan Ortiz
Center for Biological Diversity
P.O. Box 6205
Reno, NV 89513
(802) 299-7495
slake@biologicaldiversity.org

*/s/ Roger Flynn*
Roger Flynn

3

Western Mining Action Project
P.O. Box 349, 440 Main Street, #2
Lyons, CO 80540
(303) 823-5738
roger@wmaplaw.org
(*pro hac vice*)

*Attorneys for Plaintiffs*