# Exhibit 2

*to*

Plaintiffs' Motion for Leave to Submit Supplemental Authority and Notice of Agency Action, and Motion for Judicial Notice

*in*

*Center for Biological Diversity et al. v. Burgum et al.*, 2:24-cv-02043-CDS-NJK

Bureau of Land Management, *Notice of Intent to Prepare an Environmental Impact Statement for the Proposed Castle Mountain Mine Phase II Expansion, San Bernardino County, California and Clark County, Nevada*, 90 Fed. Reg. 48373 (Oct. 20, 2025).

# Notices

**Federal Register**

Vol. 90, No. 200

Monday, October 20, 2025

This section of the FEDERAL REGISTER contains documents other than rules or proposed rules that are applicable to the public. Notices of hearings and investigations, committee meetings, agency decisions and rulings, delegations of authority, filing of petitions and applications and agency statements of organization and functions are examples of documents appearing in this section.

---

## DEPARTMENT OF THE INTERIOR

**Bureau of Land Management**

[A2407–014–004–065516; PO#O2412–014–004–047181.1]

**Notice of Intent To Prepare an Environmental Impact Statement for the Proposed Castle Mountain Mine Phase II Expansion, San Bernardino County, California and Clark County, Nevada**

**AGENCY:** Bureau of Land Management, Interior.

**ACTION:** Notice of intent.

**SUMMARY:** In compliance with the National Environmental Policy Act of 1969, as amended (NEPA), the Federal Land Policy and Management Act of 1976, as amended, (FLPMA), and Section 106 of the National Historic Preservation Act of 1966, as amended (NHPA) the Bureau of Land Management (BLM) Needles Field Office (NFO), Needles, California intends to prepare an Environmental Impact Statement (EIS) to consider the effects of the proposed Castle Mountain Mine Phase II Expansion Project in San Bernardino County, California and Clark County, Nevada. This notice announces the beginning of the scoping period to solicit public comments and identify issues under NEPA and Section 106 of the NHPA.

**DATES:** This notice initiates the public scoping process for the EIS. The BLM requests that the public submit your comments concerning the scope of the analysis, potential alternatives, and identification of relevant information, and studies by November 19, 2025. To afford the BLM the opportunity to consider comments, please ensure your comments are received prior to the close of the 30-day scoping period.

**ADDRESSES:** You may submit comments related to the Castle Mountain Mine Phase II Expansion Project by any of the following methods:

- *Website: https://eplanning.blm.gov/eplanning-ui/project/2039209/510.*
- *Mail:* Project Manager, BLM Needles Field Office, 1303 U.S. 95, Needles, CA 92363.

Documents pertinent to this proposal may be examined online at *https://eplanning.blm.gov/eplanning-ui/project/2039209/510* and at the BLM Needles Field Office during regular business hours.

**FOR FURTHER INFORMATION CONTACT:** Castle Mountain Project Manager, telephone 760–326–7000; address: Bureau of Land Management Needles Field Office, 1303 U.S. 95, Needles, CA 92363. Individuals in the United States who are deaf, deafblind, hard of hearing, or have a speech disability may dial 711 (TTY, TDD, or TeleBraille) to access telecommunications relay services. Individuals outside the United States should use the relay services offered within their country to make international calls to the point-of-contact in the United States.

**SUPPLEMENTARY INFORMATION:** The BLM will consider authorizing an amendment to Castle Mountain Venture's (CMV) mine plan of operations to address the proposed expansion of surface disturbance (Phase II Expansion) on public lands (Proposed Action) at the Castle Mountain Mine (CMM). The Project is located approximately 60 miles south of Las Vegas, Nevada, and 40 miles northwest of the BLM office in Needles, California. The proposed expansion of the mine pits, overburden sites, and heap leach pad and installation of the associated pipeline and powerline would disturb an additional 1,800 acres of BLM-managed public land for a total project disturbance of 3,294 acres.

**Purpose and Need for the Proposed Action**

The BLM's purpose is to respond to CMV's request to amend the mine plan of operations and authorize the Utilities Plan of Development for CMM and to analyze the environmental effects associated with the proponent's Proposed Action and alternatives to the Proposed Action, consider reasonable alternatives, and develop and consider mitigation when necessary to mitigate environmental effects.

The need for the action is established by the BLM's responsibility under the Mining Law of 1872, Section 302 of FLPMA and the BLM regulations at 43 CFR part 3809 and 43 CFR part 2800. These statutes and regulations set forth the BLM's responsibility to ensure that operations under the Mining Law of 1872 prevent unnecessary or undue degradation of public lands.

**Preliminary Proposed Action and Alternatives**

The Proposed Action would consist of an expansion of CMV's authorized plan of operations for the CMM under the regulations found at 43 CFR part 3800, subpart 3809. The Proposed Action would also include the authorization of rights-of-way for an underground water pipeline and overhead powerline under the regulations found at 43 CFR part 2800.

The expansion would extend the mine life of CMM by approximately 30 years and operations would effectively quadruple the annual mining rate at the mine. An underground water pipeline and overhead powerline are needed to meet the increased groundwater and power demands of the proposed expansion. The proposed expansion of the mine pits, overburden sites, heap leach pad and installation of the associated pipeline, powerline, and onsite power generation would disturb an additional 1,800 acres of BLM-managed public land.

Under the National Park Service Lands Alternative, the Proposed Action would remain the same as with the exception that the utilities corridor would follow the road route across a ~1,000-foot section of land within the Mojave National Preserve that is currently managed by the National Park Service.

Under the no action alternative, the BLM would not approve the proposed amendment to the plan of operations, and the activities described in the Proposed Action would not occur. The proposed expansion areas, underground water pipeline, and overhead powerline would not be constructed and operations under the currently authorized mine plan would continue.

The BLM welcomes comments on all preliminary alternatives as well as suggestions for additional alternatives.

## Summary of Expected Impacts

The Project's proximity to Castle Mountains National Monument and Mojave National Preserve has raised concerns that increased visual and noise disturbances from mining construction and operations might affect recreational and traditional use, cultural sites, seeps and springs, and biological resources in the area. While there are concerns over habitat loss and impacts to native vegetation, the mine continues to provide guzzlers for wildlife and has a rare native plant nursery. The mine is recognized for its successful reclamation methods and hosts on-site research dedicated exclusively to cultivating vegetation native to the Mojave Desert.

## Anticipated Permits and Authorizations

In addition to the requested authorization to perform mineral extraction under a mining plan of operations, other Federal, state, and local authorizations would be required for the project. These include authorizations under the Endangered Species Act, the Clean Water Act, and other laws and regulations determined to be applicable to the project.

## Schedule for the Decision-Making Process

The BLM will provide opportunity for public participation consistent with the NEPA process. The Draft EIS is anticipated to be available for public review spring 2026 and the Final EIS is anticipated to be released in summer 2026 with a Record of Decision fall 2026.

## Public Scoping Process

This notice of intent initiates the scoping period. The BLM will hold one in-person public scoping meeting. The specific date and time of this scoping meeting will be announced at least 15 days in advance on the BLM website *https://www.blm.gov/california* and at *https://eplanning.blm.gov/eplanning-ui/project/2039209/510.*

## Responsible Official

Ron Nuckles, Field Manager, Needles Field Office, California Desert District, Bureau of Land Management.

## Nature of Decision To Be Made

The BLM's potential decision relative to the proposed amendment as informed by the EIS includes: (1) approval of the proposed Castle Mountain Mine Amendment to Plan of Operations Project as submitted; (2) approval of the proposed Castle Mountain Mine Amendment to Plan of Operations Project subject to changes or conditions, as analyzed in the EIS, that the BLM deems necessary to prevent unnecessary or undue degradation of public lands; or (3) denial of the proposed Castle Mountain Mine Amendment to Plan of Operations Project if the BLM determines that the proposal would result in unnecessary or undue degradation of public lands.

## Additional Information

The BLM will utilize and coordinate the NEPA process to help support compliance with applicable procedural requirements under the Endangered Species Act (16 U.S.C. 1536) and Section 106 of the National Historic Preservation Act (54 U.S.C. 306108) as provided in 36 CFR 800.2(d)(3), including public involvement requirements of Section 106. The information about historic and cultural resources and threatened and endangered species within the area potentially affected by the proposed project will assist the BLM in identifying and evaluating impacts to such resources.

The BLM will consult with Indian Tribal Nations on a government-to-government basis in accordance with Executive Order 13175, BLM Manual Section 1780, and other Departmental policies. Tribal concerns, including impacts on Indian trust assets and potential impacts to cultural resources, will be given due consideration. Federal, state, and local agencies, along with Indian Tribal Nations and other stakeholders that may be interested in or affected by the proposed action that the BLM is evaluating, are invited to participate in the scoping process and, if eligible, may request or be requested by the BLM to participate in the development of the environmental analysis as a cooperating agency.

Before including your address, phone number, email address, or other personal identifying information in your comment, you should be aware that your entire comment—including your personal identifying information—may be made publicly available at any time. While you can ask us in your comment to withhold your personal identifying information from public review, we cannot guarantee that we will be able to do so.

(Authority: 42 U.S.C. 4321–4347)

**Ronald Nuckles,**
*Field Manager, Needles Field Office, BLM California Desert District.*
[FR Doc. 2025–19593 Filed 10–17–25; 8:45 am]
**BILLING CODE 4331–15–P**

## DEPARTMENT OF JUSTICE

## Drug Enforcement Administration

### Abolghasem Rezaei, M.D.; Decision and Order

On May 22, 2025, the Drug Enforcement Administration (DEA or Government) issued an Order to Show Cause (OSC) to Abolghasem Rezaei, M.D., of Lawton, Oklahoma (Registrant). Request for Final Agency Action (RFAA), Exhibit (RFAAX) 1 at 1, 4. The OSC proposed the revocation of Registrant's Certificate of Registration, No. FR0228747, alleging that Registrant's registration should be revoked because Registrant is "currently without authority to prescribe, administer, dispense, or otherwise handle controlled substances in the State of Oklahoma, the state in which [he is] registered with DEA." *Id.* at 2 (citing 21 U.S.C. 824(a)(3)).

The OSC notified Registrant of his right to file a written request for hearing, and that if he failed to file such a request, he would be deemed to have waived his right to a hearing and be in default. *Id.* at 2–3 (citing 21 CFR 1301.43). Here, Registrant did not request a hearing, and the Agency finds him to be in default. RFAA, at 2.[1] "A default, unless excused, shall be deemed to constitute a waiver of the registrant's/applicant's right to a hearing and an admission of the factual allegations of the [OSC]." 21 CFR 1301.43(e).

Further, "[i]n the event that a registrant . . . is deemed to be in default . . . DEA may then file a request for final agency action with the Administrator, along with a record to support its request. In such circumstances, the Administrator may enter a default final order pursuant to [21 CFR] 1316.67." *Id.* 1301.43(f)(1). Here, the Government has requested final agency action based on Registrant's default pursuant to 21 CFR 1301.43(c), (f), 1301.46. RFAA, at 1; *see also* 21 CFR 1316.67.

### Findings of Fact

The Agency finds that, in light of Registrant's default, the factual allegations in the OSC are deemed admitted. According to the OSC, on December 5, 2024, the Oklahoma State

---

[1] Based on the Government's submissions in its RFAA dated July 28, 2025, the Agency finds that service of the OSC on Registrant was adequate. Specifically, the Government's included Notice of Service of Order to Show Cause indicates that on June 11, 2025, Registrant was personally served with a copy of the OSC. RFAAX 2, at 1; *see also id.* at 3 (Form-DEA 12 signed by Registrant, acknowledging receipt of the OSC).